UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| RIGOBERTO SALINAS, | Case No. SACV 11-00211 PSG (AN) |
| Petitioner, | **ORDER TO SHOW CAUSE RE DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY AS TIME-BARRED** |
| v. | |
| MATTHEW CATE, Sec. of Corrections, | |
| Respondent. | |

**I. BACKGROUND**

Before the court is a petition for writ of habeas corpus ("Petition") brought by Rigoberto Salinas ("Petitioner"), a state prisoner proceeding *pro se*. The Petition is brought pursuant to 28 U.S.C. § 2254 and raises three claims directed at Petitioner's conviction in the California Superior Court for Orange County (case no. 06NF3316) of carjacking with use of a firearm, unlawfully taking a vehicle, possession of a controlled substance, and possession of controlled substance paraphernalia, as well as his related sentence of 17 years, 4 months. For the reasons set forth below, Petitioner is ordered to show cause why his Petition should not be dismissed with prejudice because it is time-barred.

///

## II. DISCUSSION

### A. Standard of Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, requires a judge to "promptly examine" a habeas petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Local Rule 72-3.2 of this court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte*, however, the district court must give the petitioner adequate notice and an opportunity to respond before doing so. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

### B. Statute of Limitations

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state prisoners to file a habeas petition in federal court, because the Petition was filed after April 24, 1996, AEDPA's enactment date. 28 U.S.C. § 2244(d)(1); *see Lindh v. Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997). In most cases, the limitations period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

///
///
///

The face of the Petition, attached exhibits, and relevant state court records[1] establish the following relevant facts. Petitioner was convicted of the above offenses on June 27, 2007, and was sentenced on September 7, 2007. The California Court of Appeal, Fourth Appellate District, Division Three, affirmed the judgment on direct appeal on November 17, 2008 (case no. G039268). The California Supreme Court then denied review of the court of appeal's decision on February 11, 2009 (case no. S169452). (Pet. at 2-3[2]; state court records.) Petitioner does not appear to have filed a petition for certiorari with the United States Supreme Court. Therefore, for purposes of AEDPA's limitations period, Petitioner's judgment became final on May 12, 2009, the ninetieth day after the state high court denied his petition for review and the last date for him to file a petition for certiorari with the Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The statute of limitations then started to run the next day, May 13, 2009, and ended a year later on May 12, 2010. 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)). Petitioner did not constructively file his pending Petition until January 28, 2011 -- 261 days (approximately nine months) after the expiration of the limitations period.[3] Accordingly, absent some basis for tolling or an alternative start

---

[1] The court takes judicial notice of Petitioner's records in the Orange County Superior Court, available on the Internet at http://www.occourts.org, and his records in the state appellate courts, available at http://appellatecases.courtinfo.ca.gov ("state court records"). *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

[2] The pages of the Petition and attached exhibits are not numbered consecutively as required by Local Rule 11-3.3. For sake of clarity, the court cites the pages of the Petition by referring to the electronic pagination furnished by the court's official CM-ECF electronic document filing system.

[3] Pursuant to the "mailbox rule," a *pro se* prisoner's habeas petition is deemed (continued...)

date to the limitations period under 28 U.S.C. § 2244(d)(1), the Petition is time-barred.

**C. Statutory Tolling**

AEDPA includes a statutory tolling provision that suspends the limitations period for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005). An application is "pending" until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct. 2134 (2002). The limitations period is not tolled between the time a final decision is issued on direct state appeal and the time a state collateral challenge is filed because there is no case "pending" during that interval. *Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). On collateral review, however, "intervals between a lower court decision and a filing of a new petition in a higher court," when reasonable, fall "within the scope of the statutory word 'pending'" thus tolling the limitations period. *Saffold*, 536 U.S. at 221, 223; *see also Evans v. Chavis*, 546 U.S. 189, 192, 126 S. Ct. 846 (2006).

Further, to qualify for statutory tolling during the time the petitioner is pursuing collateral review in the state courts, his *first* state habeas petition must be constructively filed *before*, not after, the expiration of AEDPA's one-year limitations period. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2254 does not permit the reinitiation of the limitation period that has ended before the state

---

**3/** (...continued)
to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001). The pending Petition was filed by the clerk on February 4, 2011. (Pet. at 1.) However, for purposes of the timeliness analysis, the court gives Petitioner the benefit of the doubt by assuming he constructively filed the Petition on January 28, 2011, the date the envelope containing the Petition was postmarked. (Pet. at 46.)

petition was filed"); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled").

The face of the Petition, attached exhibits, and relevant state court records establish Petitioner filed three state habeas petitions, one in the state court of appeal (case no. G043675), and two in the California Supreme Court (case nos. S183476 and S190288). (Pet. at 4, 29-36; state court records.) The first of those three petitions was constructively filed in the court of appeal on May 9, 2010,[4] three days before the expiration of the limitations period on May 12, 2010. (*See* attachment to Petitioner's declaration in compliance with the court's 3/2/11 Order (AN), dkt. 7.) That petition was denied a week later on May 27, 2010. Petitioner's next petition was constructively filed in the California Supreme Court (case no. S183476) on June 3, 2010, and denied on January 12, 2011. (Pet. at 29, 30, 36.) As a result, Petitioner is entitled to 248 days of tolling (May 9, 2010-January 12, 2011) for the pendency of case nos. G043675 and S183476, which includes the seven-day gap between them when no petition was pending. *Saffold*, 536 U.S. at 223; *Chavis*, 546 U.S. at 192-93. However, Petitioner constructively filed the current Petition 261 days after the limitations period expired, so even given the statutory tolling time to which he is entitled, Petitioner's action is still untimely by 13 days.

On January 31, 2011, Petitioner filed an additional habeas petition in the California Supreme Court (case no. S190288), which is currently pending. (Pet. at 4, 8; state court records.) However, Petitioner is not entitled to statutory tolling for the pendency of the third petition because his second petition was filed in the same court and only "intervals between a lower court decision and a filing of a new petition in a higher court" toll the limitations period. *See Saffold*, 536 U.S. at 223.

---

[4] *See Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003) (the mailbox rule also applies to *pro se* state habeas petitions).

Page 5

Petitioner filed a prior federal habeas action (CV 10-19 PSG (AN)) that has no bearing on the court's timeliness analysis.[5] By the AEDPA's express terms, the limitations period is only tolled during the pendency of "a properly filed application for *State* post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2) (emphasis added). Section 2244(d)(2) does not toll the limitations period while a *federal* habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82, 121 S. Ct. 2120 (2001). Further, the pending action cannot "relate back" to the prior action because that action was dismissed in its entirety and is no longer pending. *Rasberry v. Garcia*, 448 F.3d 1150, 1155 (9th Cir. 2006) ("[T]he relation back doctrine does not apply where the previous habeas petition was dismissed because there is nothing to which the new petition could relate back."); *see also Mayle v. Felix*, 545 U.S. 644, 662, 125 S. Ct. 2562 (2005) ("If claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim significance").

The face of the Petition, attached exhibits, and relevant state court records establish Petitioner is not entitled to any statutory tolling of the limitations period.

**D.    Alternative Start of the Statute of Limitations**

    **1.    State-Created Impediment**

In rare instances, AEDPA provides that its one-year limitations period shall run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires establishing a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002). Thus, a claim under this provision "must satisfy a far higher bar than that for equitable

---

[5]    A federal court may take judicial notice of its own records in other cases. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

tolling." *Ramirez v. Yates*, 571 F.3d 993, 1000 (9th Cir. 2009). Petitioner's filings do not set forth facts that show he is entitled to relief under this provision.

### 2. Newly Recognized Constitutional Right

AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitations period begins to run on the date which the new right was initially recognized by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C). Petitioner's filings do not set forth any facts that show he is entitled to relief under this provision.

### 3. Discovery of Factual Predicate

AEDPA also provides that, in certain cases, its one-year limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir. 2001). Petitioner's filings do not set forth any facts that show Petitioner is entitled to an alternate start date to the limitations period based upon the late discovery of the factual predicate.

## E. Equitable Tolling

The AEDPA's limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, --- U.S. ---, 130 S. Ct. 2549, 2560 (2010). However, "[e]quitable tolling is justified in few cases" and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (*quoting Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)).

"[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005); *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079 (2007). *Pace*'s diligence prong requires the petitioner to show he engaged in

Page 7

reasonably diligent efforts to file his § 2254 petition throughout the time the limitations period was running. *Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir. 2006); *see also Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (equitable tolling requires a showing that "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll" and "extraordinary circumstances prevented him from filing his petition on time"). The petitioner must also demonstrate that he exercised reasonable diligence in attempting to file his habeas petition after the extraordinary circumstances began otherwise the "link of causation between the extraordinary circumstances and the failure to file [is] broken." *Spitsyn*, 345 F.3d at 802. *Pace*'s "extraordinary circumstances" prong requires the petitioner to "additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances made it impossible to file a petition on time." *Ramirez*, 571 F.3d at 997 (internal quotations and citations omitted). Further, equitable tolling determinations are "highly fact-dependent," *Mendoza*, 449 F.3d at 1068, and the petitioner "bears the burden of showing that equitable tolling is appropriate." *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). Petitioner's filings do not allege or show he is entitled to equitable tolling in this case.

## O R D E R

Based on the foregoing, the court finds the Petition is untimely. Accordingly, Petitioner shall have until **April 1, 2011**, to file a written response and show cause why his Petition should not be dismissed with prejudice because it is time-barred.

Petitioner must also show by declaration and any exhibits what, if any, factual or legal basis he has for claiming that the court's foregoing analysis is factually or legally incorrect, or that AEDPA's one-year statute of limitations should be tolled, or the start date extended. If Petitioner contends he is entitled to tolling because of a lack of access to the prison law library due to a purported lockdown or some other state-created impediment, his written response must be supported by a declaration from the warden or prison librarian verifying that the law library and library materials were

1  unavailable throughout the relevant time period because of the lockdown or other
2  stated reason. Further, Petitioner must demonstrate that, during the time access to the
3  prison law library was allegedly unavailable, he made requests for legal materials to
4  be brought to his cell and those requests were denied.

**Petitioner is warned that if a timely response to this Order is not made, Petitioner will waive his right to respond and the court will, without further notice, issue an order dismissing the Petition, with prejudice, as time-barred.**

**Further, if Petitioner determines the court's above analysis is correct and the Petition is clearly time-barred, he should consider filing a Request For Voluntary Dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a response to this Order.**

IT IS SO ORDERED.

DATED:  March 17, 2011

                             ARTHUR NAKAZATO
                 UNITED STATES MAGISTRATE JUDGE