FILED
CLERK, U.S. DISTRICT COURT

APR 1 1 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                     DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| RIGOBERTO SALINAS, | Case No.  SACV 11-00211 PSG (AN) |
| Petitioner, | |
| v. | **ORDER DISMISSING HABEAS PETITION AS TIME-BARRED** |
| MATTHEW CATE, Sec. of Corrections, | |
| Respondent. | |

Before the court is a Petition for Writ of Habeas Corpus ("Petition") brought by Rigoberto Salinas ("Petitioner"), a state prisoner proceeding *pro se*. For the reasons discussed below, the Petition is dismissed with prejudice because the court finds it is time-barred.

## I. BACKGROUND

The pending Petition, filed by the clerk on February 4, 2011, raises three claims directed at Petitioner's conviction in the California Superior Court for Orange County (case no. 06NF3316) of carjacking with use of a firearm, unlawfully taking a vehicle, possession of a controlled substance, and possession of controlled substance paraphernalia, as well as his related sentence of 17 years, 4 months.

///

1   Pursuant to the court's duty to screen § 2254 petitions, the Magistrate Judge
2   found it plainly appeared from the face of the Petition and relevant state court records
3   that this action was barred by the one-year statute of limitations of the Anti-Terrorism
4   and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. §2244(d)(1)(A).
5   Accordingly, on March 17, 2011, the Magistrate Judge issued an order to show cause
6   that notified Petitioner the action appeared to be time-barred absent some basis for
7   tolling or an alternative start to AEDPA's one-year limitations period under 28 U.S.C.
8   § 2244(d)(1)(B)-(D). (3/17/11 Order to Show Cause re Dismissal of Petition for Writ
9   of Habeas Corpus by a Person in State Custody as Time-barred ("OSC"), dkt. 8.) The
10  OSC discussed the various bases for tolling and directed Petitioner to show cause why
11  the action should not be dismissed as time-barred by filing a written response no later
12  than April 1, 2011. (OSC at 4-9.) Petitioner filed his response to the OSC
13  ("Response") on March 31, 2011 (dkt. 16), and the matter now stands submitted.

## II. DISCUSSION

### A.    Standard of Review

16  Rule 4 of the Rules Governing Section 2254 Cases in the United States District
17  Courts, 28 U.S.C. foll. § 2254, requires a judge to "promptly examine" a habeas
18  petition and "[i]f it plainly appears from the petition and any attached exhibits that the
19  petitioner is not entitled to relief in the district court, the judge must dismiss the
20  petition and direct the clerk to notify the petitioner." Local Rule 72-3.2 of this court
21  also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of
22  habeas corpus, and if it plainly appears from the face of the petition and any exhibits
23  annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may
24  prepare a proposed order for summary dismissal and submit it and a proposed
25  judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas
26  petition may be dismissed *sua sponte*, however, the district court must give the
27  petitioner adequate notice and an opportunity to respond before doing so. *Day v.*
28  *McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d

1039, 1043 (9th Cir. 2001).

**B.     Statute of Limitations**

The Petition is governed by the AEDPA, which establishes a one-year statute of limitations for state prisoners to file a habeas petition in federal court, because the Petition was filed after April 24, 1996, AEDPA's enactment date. 28 U.S.C. § 2244(d)(1); *see Lindh v. Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997). In most cases, the limitations period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The face of the Petition, attached exhibits, and relevant state court records[1] establish the following relevant facts. Petitioner was convicted of the above offenses on June 27, 2007, and was sentenced on September 7, 2007. The California Court of Appeal, Fourth Appellate District, Division Three, affirmed the judgment on direct appeal on November 17, 2008 (case no. G039268). The California Supreme Court then denied review of the court of appeal's decision on February 11, 2009 (case no. S169452). (Pet. at 2-3[2]; state court records.) Petitioner does not appear to have filed a petition for certiorari with the United States Supreme Court. Therefore, for purposes of AEDPA's limitations period, Petitioner's judgment became final on May 12, 2009, the ninetieth day after the state high court denied his petition for review and the last

---

[1]     The court takes judicial notice of Petitioner's records in the California Superior Court for Orange County, available on the Internet at http://www.occourts.org, and his records in the state appellate courts, available at http://appellatecases.courtinfo.ca.gov ("state court records"). *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

[2]     Petitioner did not consecutively number the pages of the Petition and attached exhibits as required by Local Rule 11-3.3. For sake of clarity, the court cites the pages of the Petition by referring to the electronic pagination furnished by the court's official CM-ECF electronic document filing system.

1   date for him to file a petition for certiorari with the Supreme Court. *Bowen v. Roe*, 188
2   F.3d 1157, 1159 (9th Cir. 1999). The statute of limitations then started to run the next
3   day, May 13, 2009, and ended a year later on May 12, 2010. 28 U.S.C. §
4   2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001)
5   (the limitations period begins to run on the day after the triggering event pursuant to
6   Fed. R. Civ. P. 6(a)). Petitioner did not constructively file his pending Petition until
7   January 28, 2011 -- 261 days (approximately nine months) after the expiration of the
8   limitations period.[3/]

9       Accordingly, absent some basis for tolling or an alternative start date to the
10  limitations period under 28 U.S.C. § 2244(d)(1), the pending Petition is time-barred.

11  **C.    Statutory Tolling**

12      AEDPA includes a statutory tolling provision that suspends the limitations
13  period for the time during which a "properly-filed" application for post-conviction or
14  other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Waldrip v.*
15  *Hall*, 548 F.3d 729, 734 (9th Cir. 2008); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th
16  Cir. 2005). An application is "pending" until it has achieved final resolution through
17  the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct.
18  2134 (2002). The limitations period is not tolled between the time a final decision is
19  issued on direct state appeal and the time a state collateral challenge is filed because
20  there is no case "pending" during that interval. *Thorson v. Palmer*, 479 F.3d 643, 646
21  (9th Cir. 2007); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). On collateral

22

23      [3/]    Pursuant to the "mailbox rule," a *pro se* prisoner's habeas petition is
24  deemed to be filed on the date the prisoner delivers the petition to prison authorities
     for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379
25  (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001). The pending Petition
26  was filed by the clerk on February 4, 2011. (Pet. at 1.) However, for purposes of the
     timeliness analysis, the court gives Petitioner the benefit of the doubt by assuming he
27  constructively filed the Petition on January 28, 2011, the date the envelope containing
28  the Petition was postmarked. (Pet. at 46.)

1    review, however, "intervals between a lower court decision and a filing of a new
2    petition in a higher court," when reasonable, fall "within the scope of the statutory
3    word 'pending'" thus tolling the limitations period. *Saffold*, 536 U.S. at 221, 223; *see*
4    *also Evans v. Chavis*, 546 U.S. 189, 192, 126 S. Ct. 846 (2006).

5         Further, to qualify for statutory tolling during the time the petitioner is pursuing
6    collateral review in the state courts, his *first* state habeas petition must be
7    constructively filed *before*, not after, the expiration of AEDPA's one-year limitations
8    period. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2254
9    does not permit the reinitiation of the limitation period that has ended before the state
10   petition was filed"); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A
11   state-court petition [] that is filed following the expiration of the limitations period
12   cannot toll that period because there is no period remaining to be tolled").

13        Here, the relevant state records establish Petitioner filed three state habeas
14   petitions, one in the state court of appeal (case no. G043675), and two in the
15   California Supreme Court (case nos. S183476 and S190288). (Pet. at 4, 29-36; state
16   court records.) The first of those three petitions was constructively filed in the court
17   of appeal on May 9, 2010,[4] three days before the expiration of the limitations period
18   on May 12, 2010. (See attachment to Petitioner's declaration in compliance with the
19   court's 3/2/11 Order (AN), dkt. 7.) That petition was denied a week later on May 27,
20   2010. Petitioner's next petition was constructively filed in the California Supreme
21   Court (case no. S183476) on June 3, 2010, and denied on January 12, 2011. (Pet. at
22   29, 30, 36.) As a result, Petitioner is entitled to 248 days of statutory tolling (May 9,
23   2010-January 12, 2011) for the pendency of case nos. G043675 and S183476, which
24   includes the seven-day gap between them when no petition was pending. *Saffold*, 536
25   U.S. at 223; *Chavis*, 546 U.S. at 192-93. However, Petitioner constructively filed the

26

27        [4]    *See Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003) (the
28   mailbox rule also applies to *pro se* state habeas petitions).

1   current Petition 261 days after the limitations period expired, so even given the
2   statutory tolling time to which he is entitled, his Petition is still untimely by 13 days.

3      Petitioner constructively filed an additional habeas petition in the California
4   Supreme Court (case no. S190288) on January 25, 2011, which is still pending. (Pet.
5   at 4, 8; Exhibit to the Response; state court records.) In his Response, Petitioner claims
6   he is entitled to tolling for the pendency of that petition. (Response at 1-2.) Petitioner
7   is mistaken. Contrary to his assertion, the court did address that petition in the OSC.
8   And, as the court explained in the OSC, Petitioner is not entitled to statutory tolling
9   for the pendency of that third state habeas petition because his second petition was
10   filed in the same court, and only "intervals between a lower court decision and a filing
11   of a new petition in a higher court" toll the limitations period. *See Saffold*, 536 U.S.
12   at 223.

13      Additionally, Petitioner's prior federal habeas action (CV 10-19 PSG (AN)) has
14   no bearing on the court's timeliness analysis.[5] By the AEDPA's express terms, the
15   limitations period is only tolled during the pendency of "a properly filed application
16   for *State* post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2) (emphasis
17   added). Section 2244(d)(2) does not toll the limitations period while a *federal* habeas
18   petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82, 121 S. Ct. 2120 (2001).
19   Further, the pending action cannot "relate back" to the prior action because that action
20   was dismissed in its entirety and is no longer pending. *Rasberry v. Garcia*, 448 F.3d
21   1150, 1155 (9th Cir. 2006) ("[T]he relation back doctrine does not apply where the
22   previous habeas petition was dismissed because there is nothing to which the new
23   petition could relate back."); *see also Mayle v. Felix*, 545 U.S. 644, 662, 125 S. Ct.
24   2562 (2005) ("If claims asserted after the one-year period could be revived simply
25   because they relate to the same trial, conviction, or sentence as a timely filed claim,

26

27   _____
    [5]   A federal court may take judicial notice of its own records in other cases.
28   *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

Page 6

1   AEDPA's limitation period would have slim significance").

2   **D.    Alternative Start of the Statute of Limitations**

3        **1.    State-Created Impediment**

4        In rare instances, AEDPA provides that its one-year limitations period shall run

5   from "the date on which the impediment to filing an application created by State action

6   in violation of the Constitution or laws of the United States is removed, if the

7   applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B).

8   Asserting that the statute of limitations was delayed by a state-created impediment

9   requires establishing a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th

10  Cir. 2002). Thus, a claim under this provision "must satisfy a far higher bar than that

11  for equitable tolling." *Ramirez v. Yates*, 571 F.3d 993, 1000 (9th Cir. 2009). Petitioner

12  has not demonstrated he is entitled to relief under this provision despite having an

13  opportunity to do so.

14       **2.    Newly Recognized Constitutional Right**

15       AEDPA provides that, if a claim is based upon a constitutional right that is

16  newly recognized and applied retroactively to habeas cases by the United States

17  Supreme Court, the one-year limitations period begins to run on the date which the

18  new right was initially recognized by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C).

19  Petitioner has also not demonstrated he is entitled to relief under this provision despite

20  having an opportunity to do so.

21       **3.    Discovery of Factual Predicate**

22       AEDPA also provides that, in certain cases, its one-year limitations period shall

23  run from "the date on which the factual predicate of the claim or claims presented

24  could have been discovered through the exercise of due diligence." 28 U.S.C. §

25  2244(d)(1)(D); *Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir. 2001). Petitioner has

26  not demonstrated he is entitled to an alternate start date to the limitations period based

27  upon the late discovery of the factual predicate despite having an opportunity to do so.

28  ///

Page 7

E.    **Equitable Tolling**

The AEDPA's limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, --- U.S. ---, 130 S. Ct. 2549, 2560 (2010). However, "[e]quitable tolling is justified in few cases" and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (*quoting Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)).

"[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005); *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079 (2007). *Pace*'s diligence prong requires the petitioner to show he engaged in reasonably diligent efforts to file his § 2254 petition throughout the time the limitations period was running. *Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir. 2006); *see also Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (equitable tolling requires a showing that "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll" and "extraordinary circumstances prevented him from filing his petition on time"). The petitioner must also demonstrate that he exercised reasonable diligence in attempting to file his habeas petition after the extraordinary circumstances began otherwise the "link of causation between the extraordinary circumstances and the failure to file [is] broken." *Spitsyn*, 345 F.3d at 802. *Pace*'s "extraordinary circumstances" prong requires the petitioner to "additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances made it impossible to file a petition on time." *Ramirez*, 571 F.3d at 997 (internal quotations and citations omitted). Further, equitable tolling determinations are "highly fact-dependent," *Mendoza*, 449 F.3d at 1068, and the petitioner "bears the burden of showing that equitable tolling is appropriate." *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005).

1   Petitioner has not demonstrated he is entitled to equitable tolling despite having an

2   opportunity to do so.

3         Accordingly, the pending Petition is barred by the statute of limitations.

4                                    **O R D E R**

5         Based upon the foregoing, the court finds the Petition is time-barred. Further,

6   by way of the OSC, the court finds Petitioner has received notice and an adequate

7   opportunity to show cause why the Petition should not be dismissed as time-barred.

8   ACCORDINGLY, IT IS HEREBY ORDERED THAT the reference to the Magistrate

9   Judge is vacated and the Petition is dismissed with prejudice. The clerk is directed to

10  enter judgment dismissing this action with prejudice and notifying Petitioner of said

11  judgment. Any and all pending motions are terminated.

12

13

14  DATED: April 08, 2011

15                                            _____
                                              PHILIP S. GUTIERREZ
16                                            UNITED STATES DISTRICT JUDGE

17  Presented by:

18

19  _____
       Arthur Nakazato
20  United States Magistrate Judge

21

22

23

24

25

26

27

28